# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HENRY PHILLIPS** | **CIVIL ACTION** |
| **versus** | **NO. 13-5868** |
| **N. BURL CAIN, WARDEN** | **SECTION: "J" (1)** |

## ORDER AND REASONS

Petitioner, Henry Phillips, a state prisoner, was convicted of purse snatching and sentenced as a third offender to a term of life imprisonment. The Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence, and the Louisiana Supreme Court denied his related writ application. After unsuccessfully seeking post-conviction relief in the state courts, he filed the instant federal *habeas corpus* application asserting the following claims:

1. There was insufficient evidence to support petitioner's conviction;

2. Petitioner's sentence is excessive;

3. There was insufficient evidence to adjudicate petitioner a third offender;

4. The prosecutor used perjured testimony to obtain petitioner's conviction;

5. The bill of information was legally insufficient;

6. Petitioner received ineffective assistance of counsel;

7. Hearsay evidence was admitted at trial in violation of state evidence law and the federal Confrontation Clause; and

8. Petitioner's identification was unduly suggestive.

The state opposed petitioner's federal application, and, for the reasons explained in detail in the Report and Recommendation separately issued on this date, the undersigned has determined that petitioner is not entitled to relief based on any of the foregoing claims.

However, in connection with his federal application, petitioner also filed motions asking that his federal application be held in abeyance while he continues his efforts to exhaust additional claims in the state courts. Rec. Docs. 4 and 22. The state opposes those motions. Rec. Doc. 23. For the following reasons, those motions are denied.

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court explained that, in limited circumstances, it is appropriate for a federal district court to stay *habeas corpus* proceedings. In Rhines, the petitioner had filed a "mixed petition" containing both exhausted and unexhausted claims. He wanted to stay the federal proceedings, return to state court to pursue his unexhausted claims, and then come back to federal court for review of his perfected petition. The Supreme Court noted that the entry of a stay is permissible in such proceedings but noted:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Cf. Duncan [v. Walker, 533 U.S. 167, 180 (2001)] ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas

corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Rhines, 544 U.S. at 277.

Even if this Court assumes for the purposes of this decision that a stay is available where a petitioner wishes to exhaust additional claims in the state courts and, presumably, *subsequently* amend his federal application to include those same claims if his efforts in the state courts are ultimately unsuccessful, a stay still is not warranted here because petitioner's additional claims are "plainly meritless" for the following reasons.

The additional claims petitioner is currently in the process of exhausting in the state courts are the claims he asserted in a motion to vacate his sentence and conviction filed with the state district court on or about October 16, 2013.[1] However, on October 28, 2013, the state district court denied those claims, holding:

> In Petitioner's motion, he asserts that the court failed to instruct the jury on the responsive verdict of theft. Additionally, Petitioner asserts that the state erred by failing to show the entire video of the crime to the jury. The Court has considered and reviewed the defendant's motion and finds that it is without merit. Petitioner's claims are ones that should have been raised on appeal. La.C.Cr.P. Art. 930.4. Moreover, although styled as a motion to vacate sentence and conviction, Petitioner's motion is in fact a petition for post conviction relief, which is untimely. La.C.Cr.P. art. 980.8 provides that an application for post conviction relief should not be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La.C.Cr.P. art. 914 or 922, unless it falls within certain exceptions to the time limitation for filing. Petitioner has not asserted any claims that would fall under the exceptions to the time limitation; thus, under La.C.Cr.P. art. 930.8, Petitioner's motion is time barred.[2]

---

[1] Rec. Doc. 23, p. 1.

[2] Rec. Doc. 23-2, p. 1.

It is clear that a federal court generally may not review a petitioner's federal claim if that claim was denied by the state courts based on a state procedural rule that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court decision. Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001). The procedural rules invoke by the state court here were both "independent" and "adequate." Federal courts have repeatedly and consistently held that Louisiana's rule that a claim regarding an appealable issue is waived if not asserted on direct appeal is an independent and adequate state court rule to support a procedural bar in federal court. See, e.g., Hurd v. Cain, Civ. Action No. 09-3112, 2009 WL 3063354, at *7 (E.D. La. Sept. 23, 2009); Simms v. Cain, Civ. Action No. 07-966, 2008 WL 624073, at *27 (E.D. La. Mar. 4, 2008); Dorsey v. Louisiana, Civ. Action No. 07-036, 2007 WL 1747014, at *4 (E.D. La. June 15, 2007); Hill v. Cooper, Civ. Action No. 04-2588, 2007 WL 458207, at *7 (E.D. La. Feb. 8, 2007); Stevenson v. Cain, Civ. Action No. 06-1244, 2006 WL 2850167, at *14 (E.D. La. Oct. 4, 2006). It is also beyond cavil that article 930.8 qualifies as independent and adequate rule to support a procedural bar in federal court. Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); see also Morris v. Cain, No. 06-30916, 2008 WL 3876479 (5th Cir. Aug. 20, 2008); Pineyro v. Cain, 73 Fed. App'x 10, 11 (5th Cir. 2003); Tolbert v. Cain, Civ. Action No. 08-435, 2009 WL 1309851, at *2 (M.D. La. May 11, 2009); Lott v. Travis, Civ. Action No. 08-1390, 2008 WL 4964797, at *7-8 (E.D. La. Nov. 18, 2008); MacCracken v. Louisiana, Civ. Action No. 07-9540, 2008 WL 2951214, at *10 (E.D. La. July 25, 2008).

Where a petitioner's claim has been denied based on independent and adequate state procedural rules, "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."

Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999).  In the instant case, petitioner demonstrates neither.

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him."  Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).  Here, petitioner seems to argue that his claims were defaulted because he was proceeding *pro se* when he filed his first post-conviction application, and the legal aides who were assisting him with that application failed to raise or properly argue these claims.  However, even if the claims had been raised and properly argued in that first application, they still would have be dismissed on the procedural ground that they were waived because they should have been, but were not, raised on appeal.  Moreover, in any event, the fact that petitioner was proceeding *pro se* in the state post-conviction proceedings cannot constitute cause for his procedural default.  See, e.g., Mendez v. Quarterman, 625 F. Supp. 2d 415, 431 (S.D. Tex. 2009); LeBlanc v. Cain, Civ. Action No. 05-4058, 2006 WL 2849856, at *5 (E.D. La. Sept. 29, 2006).[3] "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice."  Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

---

[3] Out of an abundance of caution, the Court notes that the foregoing conclusion is not contrary to the holdings of Martinez v. Ryan, 132 S. Ct. 1309 (2012), and Trevino v. Thaler, 133 S. Ct. 1911 (2013).  In Martinez, the Supreme Court held:  "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 132 S. Ct. at 1320.  In Trevino, the Supreme Court held that the Martinez exception also applies when a "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal."  Trevino, 133 S. Ct. at 1921.  Both Martinez and Trevino are limited to defaulted *ineffective assistance of counsel* claims; the cases are inapplicable to the types of claims at issue here.

Because petitioner has not met the "cause and prejudice" test, this Court could consider his new claims only if the application of the procedural bar would result in a "fundamental miscarriage of justice." To show that there would be a "fundamental miscarriage of justice," a petitioner must make "a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted). Petitioner has not made that showing.

As noted in the Report and Recommendation separately issued on this date, the evidence of petitioner's guilt was constitutionally sufficient to support his conviction. Moreover, for an actual innocence claim to be credible, "such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995). Here, petitioner points to no "new" evidence whatsoever. Rather, he simply argues that the videotape of the crime supports his contention that the stolen wallet was not in fact in the "immediate control" of victim at the time of the crime as required to support a purse snatching conviction. However, that videotape is not "new evidence"; it was introduced at trial.[4] Therefore, he clearly has not made the showing required for an actual innocence claim, i.e. that "no reasonable juror would have found [him] guilty" in light of "new evidence." Schlup, 513 U.S. at 329.

---

[4] State Rec., Vol. III of IV, transcript of October 19, 2009, pp. 15-16 and 41.

For these reasons, *even if* these proceedings were stayed, he were allowed to finish exhausting his remedies with respect to these claims in the state courts, *and* he were then granted leave to amend his federal application to include the new claims, there is ample reason to believe that his claims would be procedurally barred. It is clear that procedurally barred claims are considered "plainly meritless" for the purposes of a Rhines analysis, and, therefore, staying a federal proceeding based on such claims is improper. See, e.g., Williams v. Thaler, 602 F.3d 291, 309 (5th Cir. 2010); Neville v. Dretke, 423 F.3d 474, 479-80 (5th Cir. 2005).

Accordingly, petitioner's motions requesting that this proceeding be stayed and held in abeyance, Rec. Docs. 4 and 22, are hereby **DENIED**.

**If petitioner disagrees with this ruling, he may seek review of this order by the United States District Judge. 28 U.S.C. § 636(b)(1)(A); Local Rule 72.2**.

New Orleans, Louisiana, this eighth day of September, 2014.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**