UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HENRY PHILLIPS | CIVIL ACTION |
| VERSUS | NUMBER 13-5868 |
| N. BURL CAIN | SECTION: "J" |

### ORDER AND REASONS

Before the Court is a *Motion for Relief from a Final Judgement, Order, or Proceeding* **(Rec. Doc. 44)** filed by *pro se* Petitioner Henry Phillips ("Petitioner"), an opposition thereto (Rec. Doc. 47) filed by Defendant N. Burl Cain ("Defendant"), and a reply filed by Petitioner (Rec. Doc. 49). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

Petitioner is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On October 19, 2009, he was convicted of purse snatching under Louisiana Law. (Rec. Doc. 26 at 2.); *see* La. Rev. Stat. § 14:65.1. Petitioner was initially sentenced to a term of ten years imprisonment. *Id.* However, Petitioner was later found to be a third offender, and was then resentenced to a term of life imprisonment on January 20, 2010. *Id.* On February 17, 2011, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence, and the Louisiana Supreme Court denied his related writ application on October 7, 2011. *Id.*

On or about October 29, 2012, Petitioner filed an application for post-conviction relief with the state district court. *Id.* That

1

application was denied on December 11, 2012. *Id.* His related writ applications were similarly denied by the Louisiana Fourth Circuit Court of Appeal on January 30, 2013, and the Louisiana Supreme Court on July 31, 2013. *Id.* at 2-3. Petitioner then filed a petition for writ of *habeas corpus* under 28 U.S.C. § 2254 in this Court, asserting that his incarceration violated rights granted under the United States Constitution. (Rec. Doc. 3.) In a judgment issued on September 26, 2014, this Court dismissed the petition with prejudice. (Rec. Doc. 34.) On August 1, 2016, Petitioner filed the instant *Motion for Relief from a Final Judgement, Order, or Proceeding* **(Rec. Doc. 44)**, asserting that a fraud had been perpetrated on the court and also alleging "other misconduct." *Id.* at 5.

**PARTIES' ARGUMENTS**

Petitioner asserts that the Court should provide relief under Federal Rule of Civil Procedure ("Rule") 60(b)(3) and Rule 60(d)(3). (Rec. Doc. 44.) Petitioner argues that his trial judge committed fraud on the court and that the federal court has "worked in collusion with officers of the State court" in furtherance of a "cover-up." *Id.* at 1. Petitioner contends that he could not fairly present his case at trial because the trial judge withheld a surveillance tape of the crime from the jury. *Id.* at 13-14.

Respondent argues that Petitioner's motion should be dismissed as untimely or denied as meritless. (Rec. Doc. 47 at 10.) Respondent contends that Petitioner's motion for relief pursuant to Rule 60(b)(3) should be denied because it was filed more than a year after entry of the Court's September 26, 2014 Judgment. *Id.* at 2. In addition,

2

Respondent argues that Petitioner's Rule 60(d)(3) motion has not met the strict standards necessary to demonstrate that a fraud on the court occurred.  *Id.* at 3.  Respondent further asserts that even if these requirements had been met, Rule 60(d)(3) requires a fraud on the court brought more than a year after the fraud occurred to have been incapable of being exposed within the one year window provided by Rule 60(c)(1). *Id.*  Respondent maintains that there is no evidence of fraud, much less a fraud that could not have been uncovered earlier. *Id.*

## DISCUSSION

Petitioner's motion was not filed within one year of the Court's Judgment, as required for claims made pursuant to 60(b)(3).  Rule 60(b) provides that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" one of six enumerated reasons.  Fed. Rule Civ. P. 60(b).  One reason, codified in Rule 60(b)(3), is "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Fed. Rule Civ. P. 60(b)(3).  Here, although Petitioner never explicitly states that his motion is made under Rule 60(b)(3), he claims to be entitled to relief due to fraud on the court and "other misconduct." (*See* Rec. Doc. 44 at 1.)  Thus, the Court construes this motion as being made pursuant to Rule 60(b)(3).

A motion under Rule 60(b)(3) "must be made within a reasonable time-and . . . no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  Here, the Court dismissed Petitioner's *habeas corpus* petition with prejudice on September 26, 2014.  (Rec. Doc. 34.)  Petitioner did not file the

3

instant motion until August 1, 2016, well outside of the one year allowed for a 60(b)(3) motion. (Rec. Doc. 44.)  Therefore, Petitioner's motion for relief pursuant to Rule 60(b)(3) is time-barred and is denied. *See Richard v. Martin*, No. 12-1513, 2014 WL 4999452, at *2 (E.D. La. Oct. 1, 2014).

The Court also construes Petitioner's motion as requesting relief pursuant to Rule 60(d)(3).  Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court." Fed. Rule Civ. P. 60(d)(3).  Fraud on the court is a "narrow concept" and "should embrace only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner . . . ." *Wilson v. Johns–Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989).  "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)).  In addition, "[f]raud upon the court requires that there was a material subversion of the legal process such as could not have been exposed within the one-year window" provided by Rule 60(c).  *Id.* at 34–35.

Petitioner argues that a fraud was perpetrated on the Court when the judge at his trial purportedly kept a surveillance video of the underlying purse snatching offense from the jury. (Rec. Doc. 44 at 8.)  Petitioner asserts that this fraud was continued by the federal courts because they participated in the "cover up." *Id.* at 1.  However, the

4

Magistrate Judge's Report and Recommendation, which was adopted by the Court, states that "the jury [] viewed [the] surveillance tape" that Petitioner argues was never admitted, and that a facility manager where the video was taken testified as to the authenticity of the tape viewed by the jury. (Rec. Doc. 26 at 7-8.) Petitioner's accusations are simply not supported by evidence in the record; in fact, they are flatly contradicted by the record. Furthermore, the allegation itself fails to rise to the level of "the most egregious misconduct" necessary to implicate Rule 60(d)(3). *See Jackson*, 348 F. App'x at 35; *see also Williams v. Louisiana*, No. 14-00154, 2017 WL 405147, at *4 (M.D. La. Jan. 30, 2017) ("Plaintiff's assertions that Defendant intentionally concealed important documents during discovery, without more, do not demonstrate that Defendant perpetrated fraud on the Court.") Finally, even if a fraud had been perpetrated upon the Court here, "the circumstances in this case would not have prevented its exposure for so long" as to make Petitioner's only recourse available through Rule 60(d)(3). *Id.*

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Motion to Motion for Relief from a Final Judgement, Order, or Proceeding* **(Rec. Doc. 44)** is **DENIED**.

New Orleans, Louisiana, this 24th day of February, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE